IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

MATTHEW BLACK and
MEREDITH WALKER-BLACK
4262 Chapel Road
Perry Hall, MD 21128 (Baltimore)

                Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,
D/B/A RAISER, LLC,
A/K/A, RASIER, LLC
1455 Market Street
San Francisco, CA 94103

And,

LAKEYSHA RULE
222 Churchill Drive
Salisbury, NC 28144

And,

FRANCIS A POMMETT III, AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF MAURICE
ANTONIO HARRIS
3604 Eastern Avenue, Suite 4
Baltimore, MD 21224 (Baltimore)

And,

SUNITA BARAILI, AS PERSONAL
REPRESENTATIVE OF THE
ESTATE OF SUNIL BARAILI
6911 Lachlan Circle, Apt. B.

Case No._____

Baltimore, MD 21239 (Baltimore)

Defendants

## COMPLAINT

And now the Plaintiffs, Matthew Black and Meredith Walker-Black, by and through their attorneys, KBG Injury Law and Wesley A. Addington, Esq. files this within Complaint and alleges the following:

## PRELIMINARY STATEMENT

1. This personal injury action arises from a head-on motor vehicle crash that occurred on December 11, 2021, in the southbound lanes of Belair Road in Baltimore County, Maryland. On that day, Maurice Antonio Harris (deceased) was operating Lakeysha Rule's vehicle with her permission and drove northbound in the southbound lanes of Belair Road. At the same time and place, Sunil Baraili (deceased) was working for Uber to transport Plaintiffs Matthew Black and Meredith Walker-Black to their home. Mr. Baraili failed to take reasonable care to avoid the crash. The impact killed both Maurice Antonio Harris and Sunil Baraili and seriously injured Matthew Black and Meredith Walker-Black.

## THE PARTIES

2. Plaintiff Matthew Black, (hereinafter "Plaintiff Mr. Black") is an adult individual who resides at 4262 Chapel Road, Perry Hall, Baltimore County, Maryland 21128.

1

3. Plaintiff Meredith Walker-Black, (hereinafter "Plaintiff Mrs. Black") is an adult individual who lives with her husband at 4262 Chapel Road, Perry Hall, Baltimore County, Maryland 21128.

4. Defendant Uber Technologies, Inc., d/b/a Raiser, LLC, a/k/a Rasier, LLC, (hereinafter "Defendant Uber") is a Delaware corporation with a principal place of business located at 1455 Market Street, San Francisco, CA 94103.

5. Defendant Lakeysha Rule, (hereinafter "Defendant Rule") is an adult individual who currently resides at 222 Churchill Drive, Salisbury, NC 28144-8307.

6. Defendant Francis A. Pommett III, as Personal Representative of the Estate of Maurice Antonio Harris, (hereinafter "Decedent Maurice Harris" or "Decedent Harris") is an adult individual who resides at 3604 Eastern Ave, Suite 4, Baltimore, Baltimore County, Maryland 21224.

7. Defendant Sunita Baraili, as Personal Representative of the Estate of Sunil Baraili, (hereinafter "Decedent Uber Driver Baraili"), is an adult individual with a last known address of 6911 Lachlan Circle, Apt. B., Baltimore, Baltimore County, Maryland, 21239.

8. At all times material hereto, Defendant Uber conducted business regularly within the State of Maryland.

## VENUE AND JURISDICTION

9.   Jurisdiction lies with this Court under 28 U.S.C. § 1332 because not all defendants are citizens of the same state as the Plaintiffs, and the amount in controversy is more than $75,000.00.

10.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the crash and injuries occurred in Baltimore County, Maryland.

## SUMMARY OF THE FACTS

11.  At all times relevant, Defendant Lakeysha Rule lived at 2737 Lisburn Road, Camp Hill, Pennsylvania 17011.

12.  Upon information and belief, Defendant Rule allowed Decedent Harris to stay with her at that same address, though Decedent Harris maintained a residence in Maryland. Upon his death, an estate was opened for Decedent Harris in Maryland.

13.  Upon information and belief, Defendant Rule and Decedent Harris shared one or more children together who also lived at the same address.

14.  At all times relevant, Decedent Harris did not have a valid driver's license.

15.  Despite Decedent Harris not having a valid driver's license, he would use Defendant Rule's vehicle(s) with her permission and knowledge.

3

16. As long as Decedent Harris brought Defendant Rule's vehicle(s) back in time for Defendant Rule to get to work, she allowed Decedent Harris to use the vehicle(s).

17. It was only after Decedent Harris failed to return Defendant Rule's vehicle(s) in time for Defendant Rule to get to work that she would report her vehicle(s) "stolen."

18. At an unknown time on December 10 or 11, 2021, Decedent Harris left Defendant Rule's home in Pennsylvania and was driving a 2020 Toyota Rav4 (hereinafter "Defendant Rule's Rav4") that Defendant Rule had rented from Enterprise Rent-a-Car.

19. Upon information and belief, while at Defendant Rule's home, Decedent Harris had consumed a combination of alcohol and drugs.

20. Decedent Harris took the same with him in Defendant Rule's Rav4.

21. It is believed that Decedent Harris was on his way to Baltimore, Maryland, where Decedent Harris was from, where he was known to spend time, and where he had taken Defendant Rule's vehicle(s) in the past.

22. Decedent Harris continued to consume drugs and alcohol on his way to Baltimore.

23. At approximately the same time and place, Plaintiffs Mr. and Mrs. Black were leaving a friend's house and had requested a ride through Mrs. Black's Uber application, a ride-sharing service.

24. Despite utilizing the Uber app, Decedent Uber Driver Baraili was confused about the pickup location and was lost for approximately 20 minutes.

25. Plaintiff Mrs. Black needed to contact the Decedent Uber Driver Baraili directly through the Uber app and then to his cellphone directly to assist him in finding the pickup location.

26. At or about 12:22 a.m. on December 11, 2021, Decedent Harris was traveling northbound in the southbound lanes of Belair Road.

27. At the same time, Decedent Uber Driver Baraili was operating his 2017 Toyota Rav4, traveling southbound on Belair Road.

28. He was driving on behalf of Defendant Uber at the time and was transporting the Plaintiffs Mr. and Mrs. Black to their home.

29. The trip as planned was to be a short one, only taking approximately eight minutes to travel approximately 3.5 miles.

30. As Decedent Uber Driver Baraili traveled southbound on Belair Road, some distance ahead, cars were swerving and pulling off to the shoulder of the road to avoid Decedent Harris, who was traveling north in the southbound lane at approximately 100 miles per hour.

31.   Unlike the witnesses who operated the cars ahead of Decedent Uber Driver Baraili, he did not react or take any evasive measures.

32.   Decedent Uber Driver Baraili was traveling in the passing lane and was exceeding the posted speed limit, and the two cars struck each other in a massive collision.

33.   Decedent Harris passed away as a result of injuries sustained in the crash.

34.   Decedent Uber driver Baraili also, unfortunately, passed away due to injuries he sustained in the crash.

35.   As a result of being back seat passengers in such a violent crash, Plaintiffs Mr. and Mrs. Black were permanently and seriously injured, for all of which damages are sought against all of the named defendants, individually, jointly and/or severally and in the alternative.

## COUNT I
## MATTHEW BLACK v. UBER TECHNOLOGIES, INC., T/D/B/A RAISER, LLC, A/K/A RASIER, LLC

36.   The allegations contained in the preceding paragraphs are incorporated by reference.

37.   At all times relevant, Decedent Uber Driver Baraili was operating on behalf of and in furtherance of Defendant Uber's financial interests as its employee, agent, servant, contractor and/or subcontractor, and therefore Defendant

6

Uber is responsible for Decedent Uber Driver Baraili's negligence through vicarious liability and/or respondeat superior.

38. Alternatively, if Decedent Uber Driver Baraili was not an employee, Defendant Uber exercised such a level of control over him that he is and/or should be made a statutory employee.

39. At all times relevant, Decedent Uber Driver Baraili was operating a vehicle with a year, make and model, that was approved by Defendant Uber.

40. At all times relevant, Decedent Uber Driver Baraili was operating his Rav4 with Uber-required signage bearing Defendant Uber's name, logo, and/or insignia.

41. At all times relevant, Decedent Uber Driver Baraili used an Uber-required phone application ("Uber app") to communicate with Defendant Uber and Defendant Uber's customers.

42. This Uber app is the only manner in which Decedent Uber Driver Baraili was permitted to use to accept transportation jobs, for the financial benefit of Defendant Uber.

43. At all times relevant, Decedent Uber Driver Baraili followed the specific route that Defendant Uber told him to travel via the Uber app.

44. At all times relevant, Decedent Uber Driver Baraili was permitted to work for, work on behalf of, or be employed by Defendant Uber despite a prior

7

crash, only 18 months earlier, where the allegations were that he injured another person while driving the wrong way down a one way down a street.

45.   At all times relevant, Defendant Uber knew or should have known that Decedent Uber Driver Baraili had been sued for injuries that he allegedly had caused, and the basis of the lawsuit and facts surrounding it.

46.   Despite that litigation and the concerning manner in which the crash occurred, Defendant Uber provided automobile insurance to Decedent Uber Driver Baraili to enable him to work for, on behalf of, or be employed by Defendant Uber.

47.   Defendant Uber failed to utilize any policies or procedures to review the driving record of current Uber drivers.

48.   Defendant Uber knew or should have known that an ongoing review of their driver's driving activity, history, traffic citations, violations, and/or lawsuits was relevant to whether they should permit drivers to retain the use of the Uber name.

49.   Defendant Uber breached their duty to Plaintiff Mr. Black and all other passengers similarly situated when they failed to exercise reasonable care and consideration in whether Uber drivers should be hired, fired, retained, or placed on probation.

50.   Defendant Uber is a technology company and because of the amount of data that they have, at all times they knew or should have known what percentage

8

of Uber drivers are involved in crashes due to distraction, yet Defendant Uber has taken no steps to eliminate distraction while using the Uber app.

51. Defendant Uber has intentionally created a business model whereby the driver is incentivized and permitted to accept as many jobs as they can, as fast as they can complete transportation.

52. Defendant Uber intentionally pushes new jobs through to current drivers, via the Uber app, even if the drivers are already in the process of transporting passengers, commonly known as a "back-to-back" ride.

53. Defendant Uber also penalizes its drivers if they decline jobs near them, no matter the reason for the decline.

54. Defendant Uber's requirement to interact with the Uber App disincentives safety and restraint and increases the chances of distracted driving.

55. Defendant Uber is aware of the dangers of distracted driving, yet permits, encourages, and facilitates the continued interaction with the Uber app, despite an Uber driver already being engaged in the transportation of passengers.

56. Defendant Uber is aware of the dangers of distracted driving, yet permits, encourages, and facilitates the ability of an Uber driver to use their cell phone while utilizing the app and while transporting passengers.

57. Defendant Uber is aware of the dangers of distracted driving, yet permits, encourages, and facilitates the ability of an Uber driver to send and receive

text messages, email, and/or make and receive phone calls, while the Uber driver is transporting passengers.

58. At all times relevant, Defendant Uber owed a duty to Plaintiff Mr. Black and all others on the road that night to only allow safe drivers to work for, on behalf of, or be employed by Defendant Uber.

59. At all times relevant, Defendant Uber owed a duty to Plaintiff Mr. Black, and all users of the Uber app similarly situated, that it would not unreasonably or unnecessarily put them as passengers in harm's way.

60. At all times relevant, Defendant Uber owed a duty to Plaintiff Mr. Black, and all users of the Uber app similarly situated, that it would not increase the risk of harm to passengers

61. At all times relevant, Defendant Uber owed a duty to Plaintiff Mr. Black, and all users of the Uber app similarly situated, not to put the pursuit of financial profits over reasonable care and safety.

62. At all times relevant, Defendant Uber has had the knowledge, ability and capability to increase the safety to passengers by making the Uber app less distracting to the Uber driver, but they have failed to make such changes.

63. At all times relevant, Defendant Uber owed a duty of care to Plaintiff Mr. Black.

10

64. Defendant Uber breached its duty of care it owed Plaintiff Mr. Black and all others similarly situated by encouraging behavior that was known to increase the level of distraction with an Uber driver's phone and the Uber app.

65. Defendant Uber breached its duty of care by taking no steps to reduce the risk of harm to Plaintiff Mr. Black and those similarly situated and in fact directly increased the risk of harm via interaction of the Uber driver with the Uber app.

66. Defendant Uber has a duty to make transporting customers safe where it can do so, and it failed to do that instantly.

67. Defendant Uber, individually and/or by and through its employees, agents, servants, contractors and/or subcontractors' negligence, negligence per se, carelessness, and recklessness were the direct and proximate cause of Plaintiff Mr. Black's injuries and damages.

68. As a direct and proximate result of Defendant Uber's wrongful conduct and resulting injuries, Plaintiff Mr. Black suffered serious injuries, including but not limited to: fractures requiring surgical intervention to this left leg, rib fractures, permanent inability to walk without assistance, and a shock to his nerves and nervous system.

69. Plaintiff Mr. Black has sustained or may sustain the following damages as a result of his injuries:

a. Past and future pain and suffering;

b. Past and future loss of life's enjoyments;

c. Past and future scarring and disfigurement;

d. Past and future incidental costs;

e. Past and future medical expenses; and,

f. Past and future loss of earnings and loss of earning ability.

70. Plaintiff Matthew Black demands a jury trial.

71. WHEREFORE, Plaintiff Matthew Black demands judgment against the Defendant Uber Technologies, Inc., d/b/a Raiser, LLC, a/k/a Rasier, LLC, individually and/or jointly and/or severally for compensatory damages, along with interest, costs of suit, and delay damages.

## COUNT II
## MATTHEW BLACK V. LAKEYSHA RULE

72. The allegations contained in the preceding paragraphs are incorporated by reference.

73. Defendant Rule knew that Decedent Harris did not have a valid driver's license and yet allowed him to use her vehicle(s).

74. Defendant Rule allowed Decedent Harris to use her vehicle(s) explicitly and implicitly for the duration of years 2016 – 2021, where it is believed she lived various places, including, Pennsylvania.

75. From 2016 to 2021, Decedent Harris was cited by various departments of Pennsylvania law enforcement for operating a vehicle without a license.

76. From 2016 to 2021, Defendant Rule knew that Decedent Harris would take her vehicle(s) with permission to many places, including Baltimore, MD.

77. Defendant Rule permitted Decedent Harris to use her vehicle(s) unless and until the vehicle(s) were not returned before Defendant Rule had to go to work, then the vehicle was reported as stolen.

78. Defendant Rule allowed Decedent Harris to use her vehicle(s) even after Decedent Harris crashed one of Defendant Rule's vehicle(s).

79. Defendant Rule allowed Decedent Harris to use her vehicle(s) despite knowing that he was dealing with an ongoing drug and alcohol addiction and would drive while under the influence.

80. Defendant Rule allowed Decedent Harris to use her vehicle(s) despite knowing that he had previously used her vehicle(s) to engage in illegal and dangerous behavior, including, but not limited to, running from the police and purchasing illegal drugs.

81. Despite knowing all of the above, Defendant Rule never took any steps to stop or prevent Decedent Harris from using her vehicle(s).

82. Defendant Rule knew or should have known that Decedent Harris was taking her vehicle(s).

13

83.   Defendant Rule knew or should have known that she had to take some step(s) to prevent an unlicensed person with a dangerous driving history from operating her vehicle(s).

84.   Defendant Rule knew or should have known that she had to take some steps to prevent access to her vehicle(s) by someone with an ongoing drug and alcohol history, as well as a dangerous driving history.

85.   Despite being aware of all of this and having every opportunity to stop him, Defendant Rule did nothing to stop Decedent Harris.

86.   Defendant Rule owed a duty to Matthew Black and every motorist on the road to prevent the unlicensed and unsafe use of her vehicle(s).

87.   Defendant Rule breached that duty when she failed to take any steps to reduce or prevent Decedent Harris' access to Defendant Rule's vehicle(s) and permitted him to operate her vehicle(s).

88.   As a direct and proximate result of the Defendant's wrongful conduct and resulting injuries, Plaintiff Matthew Black suffered serious injuries, including but not limited to fractures requiring surgical intervention to this left leg, rib fractures, permanent inability to walk without assistance, and a shock to his nerves and nervous system.

89.   Plaintiff Matthew Black has sustained or may sustain the following damages as a result of his injuries:

a. Past and future pain and suffering;

b. Past and future loss of life's enjoyments;

c. Past and future scarring and disfigurement;

d. Past and future incidental costs;

e. Past and future medical expenses; and,

f. Past and future loss of earnings and loss of earning ability.

90. Plaintiff Matthew Black demands a jury trial.

91. WHEREFORE, Plaintiff Matthew Black demands judgment against the Defendant Lakeysha Rule, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

## COUNT III
## MATTHEW BLACK V. FRANCIS A. POMMETT III, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MAURICE ANTONIO HARRIS

92. The allegations in the preceding paragraphs are incorporated by reference.

93. At all times relevant, Decedent Harris was a resident of the State of Maryland.

94. He would occasionally stay with Defendant Rule at her home in Pennsylvania.

95. Sometime on December 10 or 11, 2021, Decedent Harris took Defendant Rule's vehicle with permission and was en route to Baltimore.

15

96. Decedent Harris made the decision to take drugs and alcohol and drive in an unsafe manner on that early morning.

97. Decedent Harris chose to speed and travel in the wrong direction on Belair Road in Baltimore County, Maryland.

98. Decedent Harris was able to avoid oncoming traffic while traveling the wrong lane, but was unable to avoid Decedent Uber Driver Baraili.

99. Decedent Harris operating Defendant Rule's Rav4 collided with Decedent Uber Driver Baraili's vehicle where the Plaintiff Matthew Black was a passenger in.

100. Decedent Harris owed Plaintiff Matthew Black and everyone else on the road that morning a duty of care to drive with reasonable care, drive sober, and within the speed limit.

101. Decedent Harris breached those duties.

102. As a direct and proximate result of Decedent Harris' wrongful conduct and resulting injuries, Plaintiff Matthew Black suffered serious injuries, including but not limited to: fractures requiring surgical intervention to this left leg, rib fractures, permanent inability to walk without assistance, and a shock to his nerves and nervous system.

103. Plaintiff Matthew Black has sustained or may sustain the following damages as a result of his injuries:

a.  Past and future pain and suffering;

b.  Past and future loss of life's enjoyments;

c.  Past and future scarring and disfigurement;

d.  Past and future incidental costs;

e.  Past and future medical expenses; and,

f.  Past and future loss of earnings and loss of earning ability.

104. Plaintiff Matthew Black demands a jury trial.

105. WHEREFORE, Plaintiff Matthew Black demands judgment against the Defendant Francis A. Pommett III, as Personal Representative of the Estate of Maurice Antonio Harris, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

**COUNT IV**
**MATTHEW BLACK V. SUNITA BARAILI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUNIL BARAILI**

106. The allegations in the preceding paragraphs are incorporated by reference.

107. At all times relevant, on December 11, 2021, Decedent Uber Driver Sunil Baraili was driving for and on behalf of and in furtherance of the interests of Defendant Uber as an employee, agent, servant, contractor, and/or subcontractor.

108. At all times relevant, Decedent Uber Driver Sunil Baraili accepted a job via his Uber App, to transport the Plaintiffs, Matthew Black and Meredith Walker-

17

Black from 24 El-Ray Road, Kingsville, Maryland 21087 to their home located at 4262 Chapel Road, Perry Hall, Maryland 21128.

109. After some initial confusion, Decedent Uber Driver Baraili was able to locate the Plaintiffs, including Matthew Black and did begin transporting them on Belair Road.

110. At some point, cars ahead of Decedent Uber Driver Baraili noticed oncoming headlights in the wrong lane and were able to swerve out of the way or pull over and avoid Decedent Harris' vehicle.

111. Despite being further back, having more time to react, and having the advantage of seeing multiple vehicles swerve out of the sway and avoid Decedent Harris' vehicle, Decedent Uber Driver Baraili failed to take the same reasonable precaution(s).

112. Upon information and belief, due to the short proximity of the Black's trip that morning, Decedent Uber Driver Baraili was distracted with alerts and interactions with his cell phone and failed to see the preventative and/or emergency actions that multiple other drivers ahead of him were taking.

113. By failing to see the actions that the other drivers were taking, despite being in an emergency situation, Decedent Uber Driver Baraili failed to take reasonable measures to protect himself and his passengers, the Plaintiffs.

18

114. By failing to see and appreciate the oncoming vehicle, Decedent Uber Driver Baraili failed to take reasonable actions to avoid the Decedent Harris and Defendant Rule's Rav4, just as the other drivers ahead of him had done.

115. Decedent Uber Driver Baraili owed the Plaintiff Matthew Black a duty that morning, to drive with reasonable care at all times and only interact with his phone when it was safe, despite the notifications that Defendant Uber was pushing to his phone.

116. Decedent Uber Driver Baraili breached that duty of care when he failed to see and respond to the other drivers on the road that morning as they took care to safely pull to the side of the road and avoid Decedent Harris and Defendant Rule's Rav4, despite the emergency situation that Decedent Harris and Defendant Rule's Rav4 posed.

117. Decedent Uber Driver Baraili's vehicle was the only vehicle that collided with Decedent Harris and Defendant Rule's Rav4 that morning.

118. As a direct and proximate result of Decedent Uber Driver Baraili's wrongful conduct and resulting injuries, Plaintiff Matthew Black suffered serious injuries, including but not limited to: fractures requiring surgical intervention to this left leg, rib fractures, permanent inability to walk without assistance

119. Plaintiff Matthew Black has sustained or may sustain the following damages as a result of his injuries:

19

a. Past and future pain and suffering;

b. Past and future loss of life's enjoyments;

c. Past and future scarring and disfigurement;

d. Past and future incidental costs;

e. Past and future medical expenses; and,

f. Past and future loss of earnings and loss of earning ability.

120. Plaintiff Matthew Black demands a jury trial.

121. WHEREFORE, Plaintiff Matthew Black demands judgment against the Defendant Sunita Baraili as Personal Representative of the Estate of Sunil Baraili, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

### COUNT V
### MEREDITH WALKER-BLACK v. UBER TECHNOLOGIES, INC., T/D/B/A RAISER, LLC, A/K/A RASIER, LLC

122. The allegations contained in the preceding paragraphs are incorporated by reference.

123. At all times relevant, Decedent Uber Driver Baraili was operating on behalf of and in furtherance of Defendant Uber's financial interests as its employee, agent, servant, contractor and/or subcontractor, and therefore Defendant Uber is responsible for Decedent Uber Driver Baraili's negligence through vicarious liability and/or respondeat superior.

20

124. Alternatively, if Decedent Uber Driver Baraili is not an employee, Defendant Uber driver exercised such a level of control over him that he is and/or should be made a statutory employee.

125. At all times relevant, Decedent Uber Driver Baraili was operating a vehicle with a year, make and model, that was approved by Defendant Uber.

126. At all times relevant, Decedent Uber Driver Baraili was operating his Rav4 with Uber-required signage bearing Defendant Uber's name, logo, and/or insignia.

127. At all times relevant, Decedent Uber Driver Baraili used an Uber-required phone application ("Uber app") to communicate with Defendant Uber and Defendant Uber's customers.

128. This Uber app is the only manner in which Decedent Uber Driver Baraili was permitted to get transportation jobs, for the financial benefit of Defendant Uber.

129. At all times relevant, Decedent Uber Driver Baraili followed the specific route that Defendant Uber told him to travel via the Uber app.

130. At all times relevant, Decedent Uber Driver Baraili was permitted to work for, work on behalf of, or be employed by Defendant Uber despite a prior crash, only 18 months earlier, where the allegations were that he injured another person while driving the wrong way down a one way down a street.

21

131. At all times relevant, Defendant Uber knew or should have known that Decedent Uber Driver Baraili had been sued for injuries that he allegedly had caused, and the basis of the lawsuit and facts surrounding it.

132. Despite that litigation and the concerning manner in which the crash occurred, Defendant Uber provided automobile insurance to Decedent Uber Driver Baraili to enable him to work for, on behalf of, or be employed by Defendant Uber.

133. Defendant Uber failed to utilize any policies or procedures to review the driving record of current Uber drivers.

134. Defendant Uber knew or should have known that an ongoing review of their driver's driving activity, history, traffic citations, violations, and/or lawsuits was relevant to whether they should permit drivers to retain the use of the Uber name.

135. Defendant Uber breached their duty to Plaintiff Mrs. Black and all other passengers similarly situated when they failed to exercise reasonable care and consideration in whether Uber driver's should be hired, fired, retained, or placed on probation.

136. Defendant Uber is a technology company and because of the amount of data that they have, at all times they knew or should have known what percentage of Uber drivers are involved in crashes due to distraction, yet Defendant Uber has taken no steps to eliminate distraction while using the Uber app.

137. Defendant Uber has intentionally created a business model whereby the driver is incentivized and permitted to accept as many jobs as they can, as fast as they can complete transportation.

138. Defendant Uber intentionally pushes new jobs through to current drivers, via the Uber app, even if the drivers are already in the process of transporting passengers. This is commonly known as a "back-to-back" ride.

139. Defendant Uber also penalizes its drivers if they decline jobs near them, no matter the reason for the decline.

140. Defendant Uber's requirement to interact with the Uber App disincentives safety and restraint and increases the chances of distracted driving.

141. Defendant Uber is aware of the dangers of distracted driving, yet permits, encourages, and facilitates the continued interaction with the Uber app, despite an Uber driver already being engaged in the transportation of passengers.

142. Defendant Uber is aware of the dangers of distracted driving, yet permits, encourages, and facilitates the ability of an Uber driver to use their cell phone while utilizing the app and while transporting passengers.

143. Defendant Uber is aware of the dangers of distracted driving, yet permits, encourages, and facilitates the ability of an Uber driver to send and receive text messages, email, and/or make and receive phone calls, while the Uber driver is transporting passengers.

144. At all times relevant, Defendant Uber owed a duty to Plaintiff Mrs. Black and all others on the road that night to only allow safe drivers to work for, on behalf of, or be employed by Defendant Uber.

145. At all times relevant, Defendant Uber owed a duty to Plaintiff Mrs. Black, and all users of the Uber app similarly situated, that it would not unreasonably or unnecessarily put them as passengers in harm's way.

146. At all times relevant, Defendant Uber owed a duty to Plaintiff Mrs. Black, and all users of the Uber app similarly situated,  that it would not increase the risk of harm to passengers

147. At all times relevant, Defendant Uber owed a duty to Plaintiff Mrs. Black, and all users of the Uber app similarly situated, not to put the pursuit of financial profits over reasonable care and safety.

148. At all times relevant, Defendant Uber has had the knowledge, ability and capability to increase the safety to passengers by making the Uber app less distracting to the Uber driver, but they have failed to make such changes.

149. At all times relevant, Defendant Uber owed a duty of care to Plaintiff Mrs. Black.

150. Defendant Uber breached its duty of care it owed Plaintiff Mrs. Black and all others similarly situated by encouraging behavior that was known to increase the level of distraction with an Uber driver's phone and the Uber app.

151. Defendant Uber breached its duty of care by taking no steps to reduce the risk of harm to Plaintiff Mrs. Black and those similarly situated and in fact directly increased the risk of harm via interaction of the Uber driver with the Uber app.

152. Defendant Uber has a duty to make transporting customers safe where it can do so and it failed to do that instantly.

153. Defendant Uber, individually and/or by and through its employees, agents, servants, contractors and/or subcontractors' negligence, negligence per se, carelessness, and recklessness were the direct and proximate cause of Plaintiff Mrs. Black's injuries and damages.

154. As a direct and proximate result of the Defendant's wrongful conduct and resulting injuries, Plaintiff Mrs. Black suffered serious injuries, including but not limited to: injuries to her neck, chest, bowels, sternum, right leg, back, rib fractures, hemothorax, sternum fracture, and a shock to her nerves and nervous system.

155. Plaintiff Meredith Walker-Black has sustained or may sustain the following damages as a result of her injuries:

    a. Past and future pain and suffering;

    b. Past and future loss of life's enjoyments;

    c. Past and future scarring and disfigurement;

d.  Past and future incidental costs;

e.  Past and future medical expenses; and,

f.  Past and future loss of earnings and loss of earning ability.

156. Plaintiff Meredith Walker-Black demands a jury trial.

157.  WHEREFORE, Plaintiff Meredith Walker-Black demands judgment against Defendant Uber, individually and/or jointly and/or severally, for compensatory damages, along with interest, costs of suit, and delay damages.

## COUNT VI
## MEREDITH WALKER-BLACK v. LAKEYSHA RULE

158.  The allegations contained in the preceding paragraphs are incorporated by reference.

159.  Defendant Rule knew that Decedent Harris did not have a valid driver's license and yet allowed him to use her vehicle(s).

160.  Defendant Rule allowed Decedent Harris to use her vehicle(s) explicitly and implicitly for the duration of 2016 – 2021.

161.  From 2016 to 2021, Decedent Harris was cited by various departments of Pennsylvania law enforcement for operating a vehicle without a license.

162.  From 2016 to 2021, Defendant Rule knew that Decedent Harris would take her vehicle(s) with permission to many places including Baltimore, MD.

163.    Defendant Rule permitted Decedent Harris to use her vehicle(s) unless and until the vehicle(s) were not returned before Defendant Rule had to go to work, then the vehicle was reported stolen.

164.    Defendant Rule allowed Decedent Harris to use her vehicle(s) even after Decedent Harris crashed one of Defendant Rule's vehicle(s).

165.    Defendant Rule allowed Decedent Harris to use her vehicle(s) despite knowing that he was dealing with an ongoing drug and alcohol addiction and would drive while under the influence.

166.    Defendant Rule allowed Decedent Harris to use her vehicle(s) despite knowing that he had previously used her vehicle(s) to engage in illegal and dangerous behavior, including, but not limited to, running from the police and purchasing illegal drugs.

167.    Despite knowing all of the above, Defendant Rule never took any steps to stop or prevent Decedent Harris from using her vehicle(s).

168.    Defendant Rule knew or should have known that Decedent Harris was taking her vehicle(s).

169.    Defendant Rule knew or should have known that she had to take some step(s) to prevent an unlicensed person with a dangerous driving history from operating her vehicle(s).

170.   Defendant Rule knew or should have known that she had to take some steps to prevent access to her vehicle(s) by someone with an ongoing drug and alcohol history, as well as a dangerous driving history.

171.   Despite being aware of all of this and having every opportunity to stop him, Defendant Rule did nothing to stop Decedent Harris.

172.   Defendant Rule owed a duty to Meredith Walker-Black and every motorist on the road to prevent the unlicensed and unsafe use of her vehicle(s).

173.   Defendant Rule breached that duty when she failed to take any steps to reduce or prevent Decedent Harris' access to Defendant Rule's vehicle(s) and permitted him to operate her vehicle(s).

174.   As a direct and proximate result of the Defendant's wrongful conduct and resulting injuries, Plaintiff Mrs. Black suffered serious injuries, including but not limited to: injuries to her neck, chest, bowels, sternum, right leg, back, rib fractures, hemothorax, sternum fracture, and a shock to her nerves and nervous system.

175.   Plaintiff Meredith Walker-Black has sustained or may sustain the following damages as a result of her injuries:

    a.   Past and future pain and suffering;

    b.   Past and future loss of life's enjoyments;

    c.   Past and future scarring and disfigurement;

   d. Past and future incidental costs;

   e. Past and future medical expenses; and,

   f. Past and future loss of earnings and loss of earning ability.

176. Plaintiff Meredith Walker-Black demands a jury trial.

177. WHEREFORE, Plaintiff Meredith Walker-Black demands judgment against the Defendant Lakeysha Rule, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

**COUNT VII**
**MEREDITH WALKER-BLACK v. FRANCIS A. POMMETT III,**
**AS PERSONAL REPRESENTATIVE OF THE ESTATE OF**
**MAURICE ANTONIO HARRIS**

178. The allegations contained in the preceding paragraphs are incorporated by reference.

179. At all times relevant, Decedent Harris was a resident of the State of Maryland.

180. He would occasionally stay with Defendant Rule at her home in Pennsylvania.

181. Sometime on December 10 or 11, 2021, Decedent Harris took Defendant Rule's vehicle with permission and was en route to Baltimore.

182. Decedent Harris made the decision to take drugs and alcohol and drive in an unsafe manner on that early morning.

183. Decedent Harris chose to speed and travel in the wrong direction on Belair Road in Baltimore County, Maryland.

184. Decedent Harris was able to avoid oncoming traffic while traveling in the wrong lane, but was unable to avoid Decedent Uber Driver Baraili.

185. Decedent Harris operating Defendant Rule's Rav4 collided with Decedent Uber Driver Baraili's where the Plaintiff Meredith Walker-Black was a passenger in.

186. Decedent Harris owed Plaintiff Meredith Walker-Black and everyone else on the road that morning a duty to drive with reasonable care, drive sober, and within the speed limit.

187. Decedent Harris breached those duties.

188. As a direct and proximate result of Decedent Harris' wrongful conduct and resulting injuries, Plaintiff Meredith Walker-Black suffered serious injuries, including but not limited to: injuries to her neck, chest, bowels, sternum, right leg, back, rib fractures, hemothorax, sternum fracture, and a shock to her nerves and nervous system.

189. Plaintiff Meredith Walker-Black has sustained or may sustain the following damages as a result of his injuries:

    a. Past and future pain and suffering;

    b. Past and future loss of life's enjoyments;

c.  Past and future scarring and disfigurement;

d.  Past and future incidental costs;

e.  Past and future medical expenses; and,

f.  Past and future loss of earnings and loss of earning ability.

190. Plaintiff Meredith Walker-Black demands a jury trial.

191.   WHEREFORE, Plaintiff Meredith Walker-Black demands judgment against Defendant Francis A. Pommett III, as Personal Representative of the Estate of Maurice Antonio Harris, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

## COUNT VIII
## MEREDITH WALKER-BLACK V. SUNITA BARAILI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUNIL BARAILI

192. The allegations contained in the preceding paragraphs are incorporated by reference.

193.   At all times relevant, on December 11, 2021, Decedent Uber Driver Sunil Baraili was driving for, on behalf of, and in furtherance of the interests of Defendant Uber as an employee, agent, servant, contractor, and/or subcontractor.

194.   At all times relevant, Decedent Uber Driver Sunil Baraili accepted a job via his Uber App, to transport the Plaintiffs, Matthew Black and Meredith Walker-

Black from 24 El-Ray Road, Kingsville, Maryland 21087 to their home located at 4262 Chapel Road, Perry Hall, Maryland 21128.

195.   After some initial confusion, Decedent Uber Driver Baraili was able to locate the Plaintiffs, including Meredith Walker-Black and did begin transporting them on Belair Road.

196.   At some point, cars ahead of Decedent Uber Driver Baraili noticed oncoming headlights in the wrong lane and were able to swerve out of the way or pull over and avoid Decedent Harris' vehicle.

197.   Despite being further back and having the advantage of seeing multiple vehicles swerve out of the way and avoid Decedent Harris' vehicle, Decedent Uber Driver Baraili failed to take the same reasonable precaution.

198.   Upon information and belief, due to the short proximity of the Black's trip that morning, Decedent Uber Driver Baraili was distracted with alerts and interactions with his cell phone and failed to see the preventative and/or emergency actions that multiple other drivers ahead of him were taking.

199.   By failing to see the actions that the other drivers were taking, despite being in an emergency situation, Decedent Uber Driver Baraili failed to take reasonable measures to protect himself and his passengers, the Plaintiffs.

200.   By failing to see and appreciate the oncoming vehicle, Decedent Uber Driver Baraili failed to take reasonable actions to avoid the Decedent Harris and Defendant Rule's Rav4, just as the other drivers ahead of him had done.

201.   Decedent Uber Driver Baraili owed the Plaintiff Meredith Walker-Black a duty that morning, to drive with reasonable care at all times and only interact with his phone when it was safe, despite the notifications that Defendant Uber was pushing his phone.

202.   Decedent Uber Driver Baraili breached that duty of care when he failed to see and respond to the other drivers on the road that morning as they took care to pull to the side of the road and avoid Decedent Harris and Defendant Rule's Rav4, despite the emergency situation that Decedent Harris and Defendant Rule's Rav4 posed.

203.   Decedent Uber Driver Baraili's vehicle was the only vehicle that collided with Decedent Harris and Defendant Rule's Rav4 that morning.

204.   As a direct and proximate result of Decedent Uber Driver Baraili's wrongful conduct and resulting injuries, Plaintiff Meredith Walker-Black suffered serious injuries, including but not limited to: injuries to her neck, chest, bowels, sternum, right leg, back, rib fractures, hemothorax, sternum fracture, and a shock to her nerves and nervous system.

205.    Plaintiff Meredith Walker-Black has sustained or may sustain the following damages as a result of her injuries:

    a.  Past and future pain and suffering;

    b.  Past and future loss of life's enjoyments;

    c.  Past and future scarring and disfigurement;

    d.  Past and future incidental costs;

    e.  Past and future medical expenses; and,

    f.  Past and future loss of earnings and loss of earning ability.

206. Plaintiff Meredith Walker-Black demands a jury trial.

207.    WHEREFORE, Plaintiff Meredith Walker-Black demands judgment against the Defendant Sunita Baraili as Personal Representative of the Estate of Sunil Baraili, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

**COUNT IX**
**MATTHEW BLACK v. UBER TECHNOLOGIES, INC., T/D/B/A
RAISER, LLC, A/K/A RASIER, LLC, LAKEYSHA RULE,
FRANCIS A. POMMETT III, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MAURICE ANTONIO HARRIS, and, SUNITA
BARAILI, AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF SUNIL BARAILI**

208. The allegations in the preceding paragraphs are incorporated by reference.

209. Plaintiffs Matthew Black and Meredith Walker-Black are husband and wife.

210. As a direct and proximate result of the Defendants' individual and collective negligence, negligence per se, carelessness, and recklessness, as described herein, Plaintiff Matthew Black has been deprived of the care, support, comfort, companionship, society of his spouse, Meredith Walker-Black, for all of which damages are claimed.

211. Plaintiff Matthew Black demands a jury trial.

212. WHEREFORE, Plaintiff Matthew Black demands judgment against Uber Technologies, Inc., T/D/B/A RAISER, LLC, A/K/A RASIER, LLC, Lakeysha Rule, Francis A. Pommett III, as Personal Representative of the Estate of Maurice Antonio Harris, and, Sunita Baraili, as Personal Representative of the Estate of Sunil Baraili, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

### COUNT X
### MEREDITH WALKER-BLACK v. UBER TECHNOLOGIES, INC., T/D/B/A RAISER, LLC, A/K/A RASIER, LLC, LAKEYSHA RULE, FRANCIS A. POMMETT III, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MAURICE ANTONIO HARRIS, and, SUNITA BARAILI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUNIL BARAILI

213. The allegations in the preceding paragraphs are incorporated by reference.

35

214.  Plaintiffs Matthew Black and Meredith Walker-Black are husband and wife.

215. As a direct and proximate result of the Defendants' individual and collective negligence, negligence per se, carelessness, and recklessness, as described herein, Plaintiff Meredith Walker-Black has been deprived of the care, support, comfort, companionship, society of her spouse, Matthew Black, for all of which damages are claimed.

216. Plaintiff Meredith Walker-Black demands a jury trial.

217. WHEREFORE, Plaintiff Meredith Walker-Black demands judgment against Uber Technologies, Inc., T/D/B/A RAISER, LLC, A/K/A RASIER, LLC, Lakeysha Rule, Francis A. Pommett III, as Personal Representative of the Estate of Maurice Antonio Harris, and, Sunita Baraili, as Personal Representative of the Estate of Sunil Baraili, individually and/or jointly and/or severally for compensatory damages together with interest, costs of suit, and delay damages.

Respectfully submitted,
KBG INJURY LAW

Date: 02-26-2024

/S/ Wesley A. Addington, Esq.

Wesley A. Addington, Esq.
110 N. George Street, Third Floor
York, PA 17401
717-848-3838 x 2530 Tele
717-814-4073 Direct Fax
waddington@kbglaw.com
Federal Bar No. 30594
Counsel for the Plaintiffs

36